# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BLACKWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　Defendants.　　　　　　／ | CASE NO. 1:05-CV-00856-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITH PREJUDICE<br><br>(Docs. 16, 17, and 18) |

　　　　Plaintiff Keith Blackwell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 28, 2005, plaintiff filed motions seeking court orders requiring the inmate appeals branch to comply with Title 15 regulations, requiring prison officials to provide plaintiff with law library access of six hours per week, and requiring the appeals coordinator at Avenal State Prison to release plaintiff's legal documents. (Docs. 16-18.) The court, in accordance with its standard practice, construes and shall treat the motions as seeking preliminary injunctive relief.

　　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." <u>Arcamuzi v. Continental Air</u>

1   Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
2   demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
3   plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
4   demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
5   Id.  "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be
6   granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v.
7   Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

8       A federal court is a court of limited jurisdiction.  Because of this limited jurisdiction, as a
9   threshold and preliminary matter the court must have before it for consideration a "case" or
10  "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968).  If the court does not have a "case" or
11  "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F.
12  2d 1159, 1162-63 (9th Cir. 1972).  "A federal court may issue an injunction if it has personal
13  jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to*
14  *determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service,
15  753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

16      In this instance, plaintiff's complaint has not yet been screened by the court to determine
17  whether it contains any claims for relief that are cognizable under federal.  As plaintiff was notified
18  in the First Informational Order, the court has a large number of cases pending before it and will
19  screen plaintiff's complaint in due course. (Doc. 14, ¶ 12.)  Until such time as the court has made
20  a determination that plaintiff's complaint contains cognizable claims for relief, it is premature to
21  move for preliminary injunctive relief.

22      Further, even if the court had already determined that plaintiff's complaint stated some
23  cognizable claims for relief, plaintiff would not be entitled to the relief sought in his motions.  The
24  purpose of preliminary injunctive relief is not to remedy routine issues and problems encountered
25  by inmates in the prison system, such as those set forth in plaintiff's motions.  The court cannot and
26  will not involve itself in determining how plaintiff's appeals are handled by prison staff, how much
27  law library access plaintiff is given, or how long prisons officials may retain plaintiff's documents.
28  See Lewis v. Casey, 518 U.S. 343, 351-54 (1996) (the state is not required to enable inmates to

discover grievances or to litigate effectively once in court; an inmate claiming interference with or denial of access to the courts must show that he suffered an "actual injury"); Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner).

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motions for preliminary injunctive relief, filed November 28, 2005, be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 7, 2005**          /s/ Sandra M. Snyder
icido3                                 UNITED STATES MAGISTRATE JUDGE