# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BLACKWELL,<br><br>              Plaintiff,<br><br>     v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:05-CV-00856-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITH PREJUDICE<br><br>(Doc. 24) |

Plaintiff Keith Blackwell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On December 7, 2005, plaintiff filed a motion seeking a court order requiring the Internal Affairs Division of the California Department of Corrections to release the investigation results of the citizen's complaints filed by plaintiff against CDC personnel. (Doc. 24.) The court, in accordance with its standard practice, construes and shall treat the motion as seeking preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must

demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

A federal court is a court of limited jurisdiction. Because of this limited jurisdiction, as a threshold and preliminary matter the court must have before it for consideration a "case" or "controversy." Flast v. Cohen, 392 U.S. 83, 88 (1968). If the court does not have a "case" or "controversy" before it, it has no power to hear the matter in question. Rivera v. Freeman, 469 F. 2d 1159, 1162-63 (9th Cir. 1972). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not attempt to determine the rights of persons not before the court.*" Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added).

In this instance, plaintiff's complaint has not yet been screened by the court to determine whether it contains any claims for relief that are cognizable under federal. As plaintiff was notified in the First Informational Order, the court has a large number of cases pending before it and will screen plaintiff's complaint in due course. (Doc. 14, ¶ 12.) Until such time as the court has made a determination that plaintiff's complaint contains cognizable claims for relief, it is premature to move for preliminary injunctive relief.

Further, even if the court had already determined that plaintiff's complaint stated some cognizable claims for relief, plaintiff would not be entitled to the relief sought in his motion. The purpose of preliminary injunctive relief is not to assist plaintiff in obtaining evidence. Plaintiff may be able to obtain certain unprivileged documents from CDC through discovery. However, the discovery phase of this litigation is not yet open. Plaintiff is referred to paragraph eight of the First Informational Order, which addresses when discovery is opened by the court.

Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for preliminary injunctive relief, filed December 7, 2005, be DENIED, with prejudice.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:  December 12, 2005**            /s/ Sandra M. Snyder
icido3                                                    UNITED STATES MAGISTRATE JUDGE