# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BLACKWELL, | CASE NO. 1:05-CV-00856-AWI-SMS-P |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND |
| v. | (Doc. 1) |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

I.      Screening Order

    A.      Screening Requirement

Plaintiff Keith Blackwell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June 20, 2005.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1          B.      <u>Plaintiff's Complaint</u>

2            1.    <u>Rule 8(a)</u>

3        Federal Rule of Civil Procedure 8(a) calls for a "short and plain statement of the claim

4  showing that the pleader is entitled to relief," and expresses the principle of notice-pleading, whereby

5  the pleader need only give the opposing party fair notice of a claim. <u>Conley v. Gibson</u>, 355 U.S. 41,

6  45-46 (1957).  Rule 8(a) does not require an elaborate recitation of every fact a plaintiff may

7  ultimately rely upon at trial, but only a statement sufficient to "give the defendant fair notice of what

8  the plaintiff's claim is and the grounds upon which it rests." <u>Id</u>. at 47.

9        The Civil Rights Act under which this action was filed provides:

10                 Every person who, under color of [state law] . . . subjects, or causes
                   to be subjected, any citizen of the United States . . . to the deprivation

11                 of any rights, privileges, or immunities secured by the Constitution .
                   . . shall be liable to the party injured in an action at law, suit in equity,

12                 or other proper proceeding for redress.

13 42 U.S.C. § 1983.  The statute plainly requires that there be an actual connection or link between the

14 actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u> <u>Monell</u>

15 <u>v. Department of Social Services</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976).  The

16 Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

17 within the meaning of section 1983, if he does an affirmative act, participates in another's

18 affirmative acts or omits to perform an act which he is legally required to do that causes the

19 deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  In

20 order to state a claim for relief under section 1983, plaintiff must link each named defendant with

21 some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

22       Plaintiff's complaint is comprised of vague, rambling allegations, and fails to set forth facts

23 linking the defendants named by plaintiff to violations of plaintiff's rights under federal law.  It is

24 plaintiff's duty to set forth facts stating a claim as to each defendant named.  It is not the duty of the

25 Court to mine a lengthy, vague pleading and attempt to piece together plaintiff's claims for him.  The

26 Court shall, by this order, dismiss plaintiff's complaint, and plaintiff shall be granted leave to file

27 an amended complaint.  Because plaintiff's claims appear to arise from medical issues, plaintiff is

28 directed to review the following legal standard for Eighth Amendment medical care claims.

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi, 391 F.3d at 1060. "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

2. Improper Venue

In addition to claims against staff at the California Correctional Institution in Techapi and Avenal State Prison in Avenal, which are properly brought in this division, plaintiff's complaint contains claims against staff at the California Men's Colony in San Luis Obispo, which are not properly brought in this division. In his amended complaint, plaintiff must omit his claims for relief against staff at the California Men's Colony. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir.

1986) (court may raise defective venue sua sponte); see also Davis v. Mason County, 927 F.2d 1473,

1479 (9th Cir. 1991) (courts have broad discretion regarding severance). If plaintiff wishes to pursue

those claims, he may file suit in the Central District of California.

        C.    Conclusion

       Plaintiff's complaint shall be dismissed for failure to comply with Rule 8(a). The Court will

provide plaintiff with the opportunity to file an amended complaint that cures the deficiencies

identified by the Court in this order.

       Plaintiff is informed he must demonstrate in his complaint how the conditions complained

of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d

227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is

involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or

connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S.

362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740,

743 (9th Cir. 1978).

       Finally, plaintiff is advised that Local Rule 15-220 requires that an amended complaint be

complete in itself without reference to any prior pleading. As a general rule, an amended complaint

supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once

plaintiff files an amended complaint, the original pleading no longer serves any function in the case.

Therefore, in an amended complaint, as in an original complaint, each claim and the involvement

of each defendant must be sufficiently alleged.

       Based on the foregoing, it is HEREBY ORDERED that:

     1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with

            Rule 8(a);

     2.    The Clerk's Office shall send plaintiff a complaint form;

     3.    Within **thirty (30) days** from the date of service of this order, plaintiff shall file an

            amended complaint that complies with the directives in this order; and

///

///

1      4.      If plaintiff fails to file an amended complaint within thirty days, this action will be

2      dismissed, without prejudice, for failure to comply with Rule 8(a) and failure to obey

3      a court order.

IT IS SO ORDERED.

**Dated:**   **June 2, 2006**                 _____/s/ **Sandra M. Snyder** _____
icido3                             UNITED STATES MAGISTRATE JUDGE