# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BLACKWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>        Defendants.<br>_____ / | CASE NO. 1:05-CV-00856-AWI-SMS-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED, WITH PREJUDICE<br><br>(Doc. 48) |

Plaintiff Keith Blackwell ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On August 24, 2006, plaintiff filed a motion seeking a court order mandating plaintiff be allowed access to the law library at North Kern State Prison. The court, in accordance with its standard practice, construes the motion as one seeking preliminary injunctive relief.

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the

plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must demonstrate a fair chance of success of the merits, or questions serious enough to require litigation." Id. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (quotations and citations omitted) (emphasis in original).

Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has no power to hear the matter in question. Id.

In this instance, plaintiff's original complaint was dismissed, with leave to amend, for failure to comply with Federal Rule of Civil Procedure 8(a), and plaintiff has not yet filed an amended complaint. Until such time as plaintiff files an amended complaint and the court makes a determination that plaintiff's amended complaint contains cognizable claims for relief, there is no actual case or controversy before the court and it is premature for plaintiff to move for preliminary injunctive relief.

Further, even if plaintiff had filed an amended complaint and the court had made a determination that the amended complaint stated some cognizable claims for relief, plaintiff would not be entitled to the relief sought in his motion. The purpose of preliminary injunctive relief is not to assist plaintiff in litigating his action effectively or efficiently, and plaintiff is not entitled to an order mandating that he be provided with access to the law library.

Finally, plaintiff is no longer housed at North Kern State Prison. When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Thus, any motion for an order directed at North Kern State Prison personnel was rendered moot by plaintiff's transfer.

///

1  Based on the foregoing, the court HEREBY RECOMMENDS that plaintiff's motion for
2  preliminary injunctive relief, filed August 24, 2006, be DENIED, with prejudice.

3  These Findings and Recommendations will be submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30)**
5  **days** after being served with these Findings and Recommendations, plaintiff may file written
6  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
7  Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
8  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d
9  1153 (9th Cir. 1991).

13  IT IS SO ORDERED.

14  **Dated:   December 13, 2006**              /s/ Sandra M. Snyder
    icido3                                              UNITED STATES MAGISTRATE JUDGE