1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9 | KEITH BLACKWELL,                   CASE NO. 1:05-cv-00856-AWI-SMS PC

10                  Plaintiff,         FINDINGS AND RECOMMENDATIONS
                                       RECOMMENDING DISMISSAL OF SOME
11        v.                           DEFENDANTS, AND RECOMMENDING
                                       DENIAL OF PLAINTIFF'S MOTIONS FOR
12 | CALIFORNIA DEPARTMENT             PRELIMINARY INJUNCTIVE RELIEF
     OF CORRECTIONS, et al.,
13                                     (Docs. 76, 81, 84, 85, 86)
                    Defendants.
14                                     OBJECTIONS DUE WITHIN THIRTY DAYS

15 | _____/

16 | I.      Screening of Second Amended Complaint

17 |         A.      Procedural History

18               Plaintiff Keith Blackwell ("plaintiff") is a state prisoner proceeding pro se and in forma

19 | pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on June

20 | 20, 2005.  On June 5, 2006, the court dismissed plaintiff's complaint, with leave to amend, for

21 | failure to comply with Federal Rule of Civil Procedure 8(a).  After obtaining extensions of time,

22 | plaintiff filed an amended complaint on December 12, 2006.  On December 18, 2006, plaintiff was

23 | ordered to either file a second amended complaint or notify the court of his willingness to proceed

24 | only against defendant Vo for violation of the Eighth Amendment with respect to plaintiff's medical

25 | care.  The court found that the amended complaint did not state any other claims upon which relief

26 | may be granted.  On July 5, 2007, plaintiff filed a second amended complaint, now pending before

27 | the court.

28 | ///

1    B.    Screening Requirement

2    The court is required to screen complaints brought by prisoners seeking relief against a

3    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

4    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

5    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

6    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7    "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

8    dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

9    claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

10   "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

11   exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S.

12   506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

13   plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).

14   "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

15   grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

16   if it is clear that no relief could be granted under any set of facts that could be proved consistent with

17   the allegations.  Id. at 514.  However, "the liberal pleading standard . . . applies only to a plaintiff's

18   factual allegations."  Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation

19   of a civil rights complaint may not supply essential elements of the claim that were not initially

20   pled."  Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v.

21   Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

22   C.    Plaintiff's Claims

23   Plaintiff is an inmate housed at California State Prison-Lancaster.  Plaintiff is seeking to

24   impose liability on defendants, all of whom are or were employed by the California Department of

25   Corrections and Rehabilitation, based on events which occurred when plaintiff was housed at

26   California Correctional Institution ("CCI") and Avenal State Prison ("Avenal").  Plaintiff is seeking

27   money damages and injunctive relief for the violation of his rights under the Eighth Amendment

28   with respect to his medical care.

Plaintiff alleges that he suffers from Chronic Obstructive Pulmonary Disease ("COPD"). Plaintiff alleges that between May and June of 2004, defendant Vo failed to provide him with adequate treatment for his medical condition, leading further pain and suffering and ultimate hospitalization on July 7, 2004. Plaintiff alleges that defendants Rees and Harrison determined that the air quality at Avenal was causing plaintiff's health to deteriorate and that plaintiff was in need of a medical transfer. Plaintiff alleges that defendants Escobara, Pennywell, McGrew, and Lawhorn, members of the Classification Committee, held approximately five hearings and were extremely knowledgeable about plaintiff's medical history. Plaintiff alleges that defendants knew delays in implementing the transfer plan would cause plaintiff extreme suffering and was a life and death situation. Plaintiff alleges that the wanton delays in transfer caused him to suffer severely on a daily basis.

### 1.   Eighth Amendment Medical Care Claim

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of

///

3

1  deliberate indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd.

2  of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

3      Plaintiff's allegations against defendants Vo, Escobara, Pennywell, McGrew, and Lawhorn

4  are sufficient to allow plaintiff to proceed against those defendants in this action. However, plaintiff

5  has not alleged any facts which would support a claim that defendants Rees and Harrison "[knew]

6  of and disregard[ed] an excessive risk to [plaintiff's] health or safety." Farmer, 511 U.S. at 837.

7  Further, plaintiff's allegations that he wrote a CDC-1824 to defendant Pusua requesting a medical

8  management staff plan, that he wrote an inmate appeal to defendant Whitlach requesting support

9  but Whitlach delayed producing needed documents, and that defendant Meras delayed plaintiff's

10 right to exit a building unit on December 2, 2004, do not state any claims for violation of plaintiff's

11 constitutional rights.

12     In addition to the aforementioned defendants, plaintiff lists a multitude of other defendants.

13 However, plaintiff's complaint does not contain any facts supporting cognizable claims against any

14 defendants other than Vo, Escobara, Pennywell, McGrew, and Lawhorn. Plaintiff has already been

15 notified of the requirements for stating a claim under section 1983 and has amended on two prior

16 occasions. (Docs. 44, 64.) Therefore, the court recommends that this action proceed on plaintiff's

17 second amended complaint against defendants Vo, Escobara, Pennywell, McGrew, and Lawhorn

18 only, and all other defendants be dismissed from this action for failure to state a claim.

19                    2.    Claim for Injunctive Relief

20     Plaintiff's claims arise from events which occurred in 2004 and 2005 while he was housed

21 at CCI and Avenal. In addition to money damages, plaintiff seeks an injunction mandating that the

22 California Department of Corrections and Rehabilitation ("CDCR") make immediate and appropriate

23 accommodations for his medical condition.

24     "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

25 requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

26 City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

27 Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). "Abstract injury is not enough."

28 Lyons, 461 U.S. at 101, 103 S.Ct. at 1665. "[P]laintiff must show that he has sustained or is

4

immediately in danger of sustaining some direct injury as the result of the challenged official conduct

and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to

suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).

In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

which provides in relevant part, "Prospective relief in any civil action with respect to prison

conditions shall extend no further than necessary to correct the violation of the Federal right of a

particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

violation of the Federal right, and is the least intrusive means necessary to correct the violation of

the Federal right."  18 U.S.C. § 3626(a)(1)(A).

Plaintiff's claims arise from the past conduct of defendants in failing to provide medical care

for plaintiff's COPD.  There is no jurisdictional basis for the award of an injunction against CDCR

in this action.  Therefore, the court recommends that plaintiff's injunctive relief claim be dismissed

and this action proceed as one for damages only.

II.     Motions for Preliminary Injunctive Relief

Plaintiff has a history in this action of filing baseless motions for preliminary injunctive

relief.  The most recent court order denying such a motion was filed on November 14, 2007.  On

November 9, 2007, plaintiff filed a motion seeking a court order directing jail officials to

acknowledge plaintiff's in forma pauperis status and allow him to use the law library.  On December

17, 2007, following plaintiff's transfer to California State Prison-Lancaster, plaintiff filed a motion

seeking an order mandating that prison officials make immediate and appropriate accommodations

for plaintiff's medical needs.  On January 4, 2008, plaintiff filed two motions seeking an order

prohibiting prison officials from tampering with his incoming mail and an order that his medical

needs be accommodated.

As plaintiff has previously been informed, the purpose of a preliminary injunction is to

preserve the status quo if the balance of equities so heavily favors the moving party that justice

requires the court to intervene to secure the positions until the merits of the action are ultimately

1  determined. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395 (1981).  There is an actual case

2  or controversy before this court with respect to plaintiff's section 1983 claim for money damages

3  arising out of defendants' alleged deliberate indifference to plaintiff's serious medical needs.

4  Plaintiff's claims accrued in 2004 and 2005 while he was incarcerated at a different institution than

5  where he currently resides.  Because the issuance of orders sought by plaintiff would not remedy the

6  past violation of plaintiff's constitutional rights, the court lacks jurisdiction to issue the orders sought

7  by plaintiff. <u>City of Los Angeles</u>, 461 U.S. at 102, 103 S.Ct. 1660; <u>Valley Forge Christian Coll.</u>, 454

8  U.S. at 471, 102 S.Ct. 752; <u>Jones</u>, 444 F.3d at 1126.

9      Given that plaintiff has filed numerous motions in the past seeking orders to which he is not

10  entitled to in this action and that plaintiff is already on notice of the requirements for obtaining

11  preliminary injunctive relief, the court recommends that any future motions for preliminary

12  injunctive relief which lack merit be stricken from the record upon filing.

13  III.    Conclusion and Recommendation

14      Plaintiff's second amended complaint states cognizable claims for relief under section 1983

15  against defendants Vo, Escobara, Pennywell, McGrew, and Lawhorn for acting with deliberate

16  indifference to plaintiff's serious medical needs, in violation of the Eighth Amendment.  However,

17  there are no cognizable claims stated against any other defendants.  Plaintiff was given leave to

18  amend on two prior occasions, and justice does not require granting plaintiff a third opportunity to

19  amend.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  Based on a review of the second

20  amended complaint and the record in this action, the undersigned HEREBY RECOMMENDS:

21      1.    This action proceed on plaintiff's second amended complaint, filed July 5, 2007,

22            against defendants Vo, Escobara, Pennywell, McGrew, and Lawhorn under section

23            1983 for acting with deliberate indifference to plaintiff's serious medical needs, in

24            violation of the Eighth Amendment;

25      2.    All other defendants be dismissed from this action based on plaintiff's failure to state

26            any claims upon which relief may be granted against them;

27      3.    Plaintiff's claim for injunctive relief be dismissed;

28  ///

4.      Plaintiff's motions for preliminary injunctive relief, filed November 9, 2007, December 17, 2007, and January 4, 2008, be denied, with prejudice; and

5.      Plaintiff be warned that any further baseless motions for preliminary injunctive relief will be stricken from the record upon filing.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**    **February 29, 2008**                      **/s/ Sandra M. Snyder**
                                                         UNITED STATES MAGISTRATE JUDGE