# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

KEITH BLACKWELL,

Plaintiff,

v.

CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

_______________________________________/

CASE NO. 1:05-cv-00856-AWI-SMS PC

ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL

(Doc. 135)

ORDER STRIKING MOTION

(Doc. 136)

Plaintiff Keith Blackwell ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On November 19, 2008, Plaintiff filed a motion seeking the appointment of counsel and a motion duplicative of another motion previously stricken from the record by the Court.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of

the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id. Therefore, Plaintiff's motion for the appointment of counsel is denied, without prejudice.

Plaintiff's second filing, entitled "Motion: Legal Opinion . . . ," is similar to a filing he submitted on October 24, 2008, which was stricken from the record. (Doc. 119.) In the filing, which does not seek any recognized form of relief, Plaintiff argues that his second amended complaint should be held to a less stringent standard than that drafted by an attorney and sets forth legal arguments and citations relating to Eighth Amendment medical care claims. Plaintiff's second amended complaint has already been screened, found to state cognizable claims, and served. There is no issue before the Court at this time that requires Plaintiff to argue that his pleading states a claim. The filing shall be stricken from the record, and any further identical or virtually identical filings will be summarily stricken from the record.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel, filed November 19, 2008, is DENIED;

2. Plaintiff's "Motion: Legal Opinion . . . ," filed November 19, 2008, is STRICKEN; and

///

///

///

///

///

3. Any future filings identical to or virtually identical to the "Motion: Legal Opinion . . . ," will be summarily stricken from the record.

IT IS SO ORDERED.

**Dated: November 20, 2008**

**/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE