**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BLACKWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:05-cv-00856-AWI-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS ESCOBARA, PENNYWELL, MCGREW, AND LAWHORN'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE DENIED, WITHOUT PREJUDICE<br><br>(Doc. 161)<br><br>OBJECTIONS DUE WITHIN FIFTEEN DAYS |

**Defendants' Motion to Dismiss for Failure to Exhaust**

**I.   Background**

Plaintiff Keith Blackwell, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2005. The action is proceeding on Plaintiff's second amended complaint, filed July 5, 2007, against Defendants Vo, Escobara, Pennywell, McGrew, and Lawhorn for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment of the United States Constitution.

On May 29, 2009, Defendants Escobara, Pennywell, McGrew, and Lawhorn filed a motion to dismiss for failure to exhaust, pursuant to the unenumerated portion of Federal Rule of Civil

///

///

1

Procedure 12(b).[1] Plaintiff filed an opposition on July 2, 2009, and Defendants filed a reply on July 8, 2009.[2] Local Rule 78-230(m).

## II.  Service of Motion

In addition to opposing Defendants' motion on the merits, Plaintiff argues that the Court should not consider the motion because it was not served on him at his address of record and was instead forwarded to him by his parole officer.

The record reflects, and Defendants' acknowledge, that Plaintiff notified the Court and Defendants of his current address of record in December 2008. (Doc. 138.) Defendants served their motion on Plaintiff on May 29, 2009, at the California Correctional Institution, his former address. Plaintiff received the motion on June 25, 2009, via his parole officer, and filed his opposition.

Defendants' service error is not grounds for blanket rejection of their motion. Service of a motion at a prior address is not entitled to any presumption of delivery, see Busquets-Ivars v. Ashcroft, 333 F.3d 1008, 1010 (9th Cir. 2003), and had the Court or Plaintiff become aware of non-service of the motion, the remedy would have been re-service. In this instance, however, Plaintiff acknowledged receipt of the motion via his parole agent and Plaintiff filed an opposition, negating the need for re-service. Therefore, Plaintiff's request for rejection of the motion based on the service error is denied.

## III.  Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[3] 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19

---

[1] Defendant Vo is represented by separate counsel and is not a moving party.

[2] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on July 8, 2008. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 107.)

[3] Although Plaintiff is no longer incarcerated, he was a prisoner when he filed this action and is subject to the Prison Litigation Reform Act.

(2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendants have the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

**IV.   Discussion**

On October 24, 2004, Plaintiff was transferred to Avenal State Prison. (Doc. 1, Comp., ¶5.) Plaintiff suffers from chronic obstructive pulmonary disease (COPD), and between November 2004 and June 2005, non-parties Dr. Rees and Dr. Harrison documented Plaintiff's need for a medical transfer from Avenal because the area's air quality worsened Plaintiff's COPD. (Id., ¶¶1, 6.) Plaintiff's Eighth Amendment claim against Defendants Escobara, Pennywell, McGrew, and Lawhorn, members of the Classification Unit Committee at Avenal, arises from their alleged failure between November 2004 and June 2005 to effect his medical transfer from Avenal. (Id., ¶7.)

Defendants move for dismissal of the claim against them on the ground that Plaintiff did not exhaust. Defendants argue that a final decision from the Director's Level of review satisfies the exhaustion requirement, and submit evidence that of the five appeals Plaintiff submitted to the Director's Level, only four were exhausted prior to the date this action was filed and none of the four grieved the claim against them. (Doc. 161-2, Motion, Grannis Dec., ¶¶6-12.)

///

1   The California Department of Corrections and Rehabilitation has an administrative grievance
2   system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated
3   by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including
4   the informal level, first formal level, second formal level, and third formal level, also known as the
5   "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the
6   event being appealed, and the process is initiated by submission of the appeal to the informal level,
7   or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

8   In order to satisfy section 1997e(a), California state prisoners are required to use this process
9   to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378
10  (2006); McKinney, 311 F.3d at 1199-1201. However, the failure to obtain a Director's Level
11  decision does not necessarily mean that exhaustion did not occur at a lower level in the process.
12  Marella v. Terhune, 562 F.3d 983, 985-86 (9th Cir. 2009) (further pursuit of a grievance not required
13  if no further relief available); Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005) ("[A] prisoner
14  need not press on to exhaust further levels of review once he has either received all 'available'
15  remedies at an intermediate level or has been reliably informed by an administrator that no remedies
16  are available.").

17  Defendants did not submit any evidence demonstrating that Plaintiff either failed to file a
18  grievance at all or filed a grievance but failed to pursue it to the Director's Level, where further relief
19  was available. As a result, the Court finds that Defendants have not demonstrated Plaintiff failed
20  to exhaust his claim against them, and are not entitled to dismissal.[4]

21  **V.     Conclusion and Recommendation**

22  Because Defendants did not meet their burden of demonstrating that Plaintiff failed to
23  exhaust his claim against them, the Court RECOMMENDS Defendants' motion to dismiss, filed
24  May 29, 2009, be DENIED, without prejudice.

25  These Findings and Recommendations will be submitted to the United States District Judge
26  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fifteen (15)**

---

[4] Because Defendants did not meet their burden, the Court does not reach Plaintiff's opposition, with the exception of the service issued, addressed in Section II.

4

**days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   July 14, 2009**                               /s/ Sandra M. Snyder
                                                        UNITED STATES MAGISTRATE JUDGE