1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

7
8
9  KEITH BLACKWELL,                          CASE NO. 1:05-cv-00856-AWI-SMS PC

10              Plaintiff,                    FINDINGS AND RECOMMENDATIONS
                                             RECOMMENDING DEFENDANTS
11      v.                                   ESCOBARA, PENNYWELL, MCGREW, AND
                                             LAWHORN'S MOTION TO DISMISS FOR
12  CALIFORNIA DEPARTMENT                    FAILURE TO EXHAUST BE GRANTED
    OF CORRECTIONS, et al.,
13                                           (Doc. 170)
                Defendants.
14                                           THIRTY-DAY OBJECTION DEADLINE

15  _____/

16          **Findings and Recommendation on Defendants' Motion to Dismiss**

17  **I.    Background**

18      Plaintiff Keith Blackwell, a former state prisoner proceeding pro se and in forma pauperis,

19  filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2005.   This action is

20  proceeding on Plaintiff's second amended complaint, filed July 5, 2007, against Defendants Vo,

21  Escobar,[1] Pennywell, McGrew-Reese,[2] and Lawhorn under section 1983 for acting with deliberate

22  indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment.   On

23  September 28, 2009, Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn filed their

24
25
26  _____

27      [1] Identified as Escobara in the complaint.

28      [2] Identified as McGrew in the complaint.

1

1  second motion to dismiss for failure to exhaust the administrative remedies.[3,4] Fed. R. Civ. P. 12(b).

2  Plaintiff did not file an opposition.[5]  Local Rule 230(l).

3  **II.    Legal Standard**

4  The exhaustion provision of the Prison Litigation Reform Act of 1995 provides that "[n]o

5  action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other

6  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

7  administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Prisoners are

8  required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S.

9  199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir.

10  2002).  Exhaustion is required regardless of the relief sought by the prisoner and regardless of the

11  relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the

12  exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S.

13  516, 532, 122 S.Ct. 983 (2002).

14  The California Department of Corrections and Rehabilitation (CDCR) has an administrative

15  grievance system for inmates' complaints regarding conditions of confinement.  Cal. Code Regs.,

16  tit. 15 § 3084.1 (West 2009).  The process is initiated by submitting a CDCR Form 602.  Id. at §

17  3084.2(a).  Four levels of appeal are involved, including the informal level, first formal level, second

18  formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5.  Appeals

19  must be submitted within fifteen working days of the event being appealed, and the process is

20  ///

21

22  [3] Defendant Vo is represented by separate counsel and his motion for summary judgment is addressed in a concurrently issued findings and recommendations.

24  [4] Defendants' first motion to dismiss was denied, without prejudice, on the ground that they failed to meet their burden because they demonstrated only that Plaintiff did not exhaust his claim through the Director's Level of review.  Defendants did not submit any evidence demonstrating that Plaintiff either failed to file a grievance at all or filed a grievance but failed to pursue it to the Director's Level, where further relief was available.  Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005).

27  [5] Plaintiff was provided with notice of the requirements for opposing a motion to dismiss for failure to exhaust by the Court in an order filed on July 8, 2008.  Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).  (Doc. 107.)

1 initiated by submission of the appeal to the informal level, or in some circumstances, the first or
2 second formal level. Id. at §§ 3084.5, 3084.6(c).

3     CDCR also has a process which allows inmates with disabilities to request a reasonable
4 modification or accommodation by submitting a CDCR Form 1824. Id. at § 3085(a). Inmates may
5 appeal any decision they are dissatisfied with by attaching the 1824 form to a 602 appeal form and
6 submitting it to the second formal level of review. Id. § at 3085(b). In order to satisfy section
7 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to
8 filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at
9 1199-1201.

10     Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative
11 defense under which Defendants have the burden of raising and proving the absence of exhaustion.
12 Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to
13 exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated
14 Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza
15 v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).
16 In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look
17 beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court
18 concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is
19 dismissal without prejudice. Id.

20 **III.**   **Discussion**

21     At the time of the events relevant to Plaintiff's claim against Defendants Escobar, Pennywell,
22 McGrew-Reese, and Lawhorn, Plaintiff was incarcerated at Avenal State Prison (ASP), where
23 Defendants were members of the Unit Classification Committee (UCC). (Doc. 76, 2nd Amend.
24 Comp., court record pp. 6-7.) Plaintiff alleges that between November 2004 and June 2005,
25 Defendants held approximately five classification hearings at which they violated his rights under
26 ///
27
28

3

1  the Eighth Amendment by delaying his medically ordered transfer to another prison, despite being

2  aware of Plaintiff's medical condition.  (Id.)

3        In order to satisfy the exhaustion requirement, prisoners are required to comply with the

4  applicable procedural rules governing the appeals process, and it is the appeals process itself which

5  defines the level of detail necessary in an appeal. Jones, 549 U.S. at 218; Griffin v. Arpaio, 557 F.3d

6  1117, 1120 (9th Cir. 2009).  In California, prisoners are required only to describe the problem and

7  the action requested.  Tit. 15 § 3084.2(a).  Therefore, the appeal is sufficient "'if it alerts the prison

8  to the nature of the wrong for which redress is sought,'" Griffin at 1120 (quoting Strong v. David,

9  297 F.3d 646, 650 (7th Cir. 2002) and adopting the Strong standard), which "advances the primary

10  purpose of . . . notify[ing] the prison of a problem," id. (citation omitted).

11        Here, Plaintiff's Eighth Amendment claim arises from his allegation that from November

12  2004 to June 2005, Defendants acted with deliberate indifference to his serious medical needs by

13  delaying his medical transfer from ASP, which had been ordered by Doctors Reed and Harrison.[6]

14  (2nd Amend. Comp., c.r. pp. 6-7.) Defendants argue that Plaintiff failed to exhaust his claim against

15  them, entitling them to dismissal.

16        In support of their motion, Defendants submit evidence that Plaintiff submitted sixteen

17  appeals that were accepted for review while he was housed ASP. (Doc. 170-3, Motion, Lopez Dec.,

18  ¶6.)  Nine of the sixteen appeals did not relate to the allegations at issue in this action, and the other

19  seven do not satisfy section 1997e(a) with respect to Plaintiff's Eighth Amendment claim against

20  Defendants.  (Id., ¶¶7, 8.)

21        Of the seven appeals filed at ASP that relate to Plaintiff's medical needs, the first was

22  submitted October 28, 2004, as a request for a reasonable modification or accommodation (CDCR

23  1824 form).  (Doc. 170-4, Ex. A.)  The appeal was partially granted by Dr. Rees at the first level of

24  review on January 18, 2005, and partially granted at the second level of review by Chief Medical

[6] In light of the documentary evidence before the Court, it appears Dr. "Reed" is Dr. Rees.

4

Officer McGuinness on December 12, 2005. (Id.)  In the appeal, Plaintiff complained about his medical issues; and asked for a transfer to a medical facility, to be compensated for having to sleep on the floor, and for a lower bunk. (Id.)  In submitting the appeal to the second level of review, Plaintiff stated that his Eighth Amendment rights, federal and state civil rights, and rights under the Armstrong and Plata remedial plans were being violated. (Id.)

In addition to the fact that this appeal was still working its way through the appeals process when Plaintiff filed suit on June 20, 2005, Jones, 549 U.S. at 211, the appeal did not exhaust Plaintiff's claim that Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn were delaying Plaintiff's medically ordered transfer out of ASP, Griffin, 557 F.3d at 1120-21.  Although the Strong standard is low, Plaintiff's appeal did not place prison officials on notice that the UCC was interfering with or disregarding his medical needs by delaying a medical transfer ordered by prison physicians.  Griffin at 1120-21.  Therefore, this appeal did not exhaust Plaintiff's claim against Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn.

Next, Plaintiff filed another request for a reasonable modification or accommodation on November 10, 2004.  (Doc. 170-4, Ex. B.)  The purpose of this appeal was to supplement the previous appeal by adding that Plaintiff was seeking ADA classification and to have his ADA needs met.[7] (Id.)  The appeal was partially granted on January 13, 2005, to the extent that Plaintiff was issued a chrono stating that based on his respiratory illness, he should be placed at a tobacco free institution. (Id.)  The appeal did not place prison officials on notice that Plaintiff's medically ordered transfer was being delayed by the UCC and therefore did not exhaust his claim against Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn.  Griffin at 1120-21.

Plaintiff's third request for a reasonable modification or accommodation was filed on February 13, 2005.  (Doc. 170-4, Ex. C.)  Plaintiff sought a personal interview with the Chief Medical Officer to discuss his "life threatening diseases" and "life threatening decisions," and his

---

[7] Americans with Disabilities Act.

medical condition and transfer chrono, which he described as a very serious issue with the classification committee. (Id.) At the first level of review, Plaintiff's request was granted based on Plaintiff's one on one consultation with Chief Medical Officer/Health Care Manager N. Baron. (Id.) Plaintiff's request was granted in part at the second level of review on May 13, 2005, in that Plaintiff was evaluated by Dr. H. Smith on May 3, 2005, and Dr. Smith confirmed that Plaintiff would benefit from a transfer to a smoke free institution with a hospital on its grounds. (Id.) Finally, the appeal was denied at the Director's Level of review on September 6, 2005, based on Plaintiff's transfer to the California Medical Facility on June 24, 2005. (Id.)

Although the appeal referenced Plaintiff's medical condition and transfer chrono, and the classification committee, it did so only in the vaguest, most general terms. The appeal did not state that a medical transfer had been ordered but was being delayed by the classification committee. Whether Plaintiff more specifically grieved that issue when talking to Dr. Baron or Dr. Smith is simply not apparent from the documentary records, and the Court finds that based on the evidence presented, the appeal did not adequately place prison officials on notice as to the basis of his Eighth Amendment claim against Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn raised in this action. Griffin at 1120-21. Further, because the appeal was exhausted after Plaintiff filed this suit on June 20, 2005, it did not satisfy the requirement that exhaust occur prior to filing suit. Jones at 211.

Plaintiff's fourth appeal, also a request for a reasonable modification or accommodation, was submitted on March 29, 2005, and denied at the Director's Level of review on December 16, 2005. (Doc. 170-4, Ex. D.) The appeal was not only exhausted after this suit was filed, Jones at 211, but concerned Plaintiff's complaint that his medical needs were being disregarded by doctors at the prison. The appeal did not relate to Plaintiff's claim that the UCC was interfering with or delaying his medically ordered transfer, and as a result, did not satisfy the exhaustion requirement with respect to Plaintiff's legal claim against Defendants. Griffin at 1120-21.

///

Next, Plaintiff submitted an inmate appeal on March 29, 2005, in which he claimed his due process and equal protection rights were violated by Defendant McGrew-Reese because Plaintiff was not given the requisite seventy-two hour advanced notice for his Institutional Classification Committee hearing. (Doc. 170-4, Ex. E.) The appeal was denied at the Director's Level of review on December 5, 2005. (Id.) Again, the appeal was not exhausted prior to the date Plaintiff filed suit. Jones at 211. In addition, it grieved the failure of Defendant McGrew-Reese to provide adequate advanced notice of Plaintiff's scheduled hearing. The appeal did not complain that UCC members were delaying his transfer in contravention of his medical needs and doctors' orders. Griffin at 1120-21.

The sixth appeal, made as a request for a reasonable modification or accommodation, was submitted on April 23, 2005, and related to Plaintiff's medical care by prison doctors. (Doc. 170-4, Ex. F.) As relief, Plaintiff sought a permanent "medically unassigned" chrono, to have the medical co-pays he paid returned to him, and to receive a chrono stating that he is to be seen by a doctor twice a month with no co-pay due to his deteriorating condition. (Id.) The appeal was denied at the Director's Level of review on February 24, 2006. (Id.) In addition to being exhausted after suit was filed, Jones at 211, the appeal did not exhaust Plaintiff's Eighth Amendment claim against UCC members because it did not relate to the committee's failure to effect his recommended medical transfer, Griffin at 1120-21.

Finally, Plaintiff filed appeal log number ASP-M-05-01209 on June 2, 2005. (Doc. 170-4, Ex. G.) The appeal was granted in part on February 10, 2006. (Id.) Defendants were unable to locate and supply a copy of the appeal itself so the Court cannot reach the issue of whether the appeal sufficiently grieved Plaintiff's Eighth Amendment claim against Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn, but because the appeal was still in the process of being resolved when Plaintiff filed suit on June 20, 2005, it cannot be used to show claim exhaustion. Jones at 211. (Doc. 170-3, Lopez Dec., ¶8(g).)

///

In conclusion, the Court finds that Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn have met their burden as the parties moving for dismissal by showing that of the appeals submitted at ASP regarding medical care, none exhausted the claim against them in compliance with section 1997e(a).  Plaintiff did not file an opposition to the motion to dismiss, and in light of Plaintiff's failure to demonstrate that he did exhaust his claim prior to filing suit, the Court finds that Defendants are entitled to dismissal.[8]

## IV.  Conclusion and Recommendation

Defendants have shown that Plaintiff did not exhaust his Eighth Amendment claim against them and they are therefore entitled to dismissal of the claim.[9]  Accordingly, the Court HEREBY RECOMMENDS that Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn's motion to dismiss, filed September 28, 2009, be GRANTED, and Plaintiff's claim against them be DISMISSED, without prejudice, for failure to exhaust.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the

///

---

[8] Defendants filed a motion for summary judgment one day after filing their motion to dismiss.  Plaintiff filed an opposition to the motion for summary judgment, and in an overabundance of caution, the Court reviewed Plaintiff's exhibits attached to that opposition to determine if there were any appeals included that demonstrated exhaustion of his claim.  (Doc. 180, c.r. pp. 8, 9.)  Exhibits B and D are responses to appeal log number CMC-E-04-02414.  (Id., c.r. pp. 21, 22, 55, 56.)  That appeal related to Plaintiff's desire to remain at the California Men's Colony (CMC) and his position that the Chief Medical Officer at CMC made a bad decision in ordering his transfer.  The appeal did not grieve Plaintiff's Eighth Amendment claim against Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn.

[9] "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court."  Jones at 211 (citation omitted).  Because the Court finds that Plaintiff failed to exhaust, it does not reach Defendants' motion for summary judgment, filed September 29, 2009.

1  specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

2  1153 (9th Cir. 1991).

3

4  IT IS SO ORDERED.

5  **Dated:    January 27, 2010**              /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28