# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH BLACKWELL, | CASE NO. 1:05-cv-00856-AWI-SMS PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT VO'S MOTION FOR SUMMARY JUDGMENT BE GRANTED |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | (Doc. 171) |
| Defendants. | THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendation on Defendant Vo's Motion for Summary Judgment**

**I.      Background**

Plaintiff Keith Blackwell, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on June 20, 2005. This action is proceeding on Plaintiff's second amended complaint, filed July 5, 2007, against Defendants Vo, Escobar, Pennywell, McGrew-Reese, and Lawhorn under section 1983 for acting with deliberate indifference to Plaintiff's serious medical needs, in violation of the Eighth Amendment. On September 28, 2009, Defendant Vo filed a motion for summary judgment.[1] Plaintiff filed an opposition on October 9, 2009.[2]

---

[1] Defendants Escobar, Pennywell, McGrew-Reese, and Lawhorn are represented by separate counsel and their motion to dismiss is addressed in a concurrently issued findings and recommendations.

[2] Plaintiff was provided with notice of the requirements for opposing a motion for summary judgment by the court in an order filed on July 8, 2008. Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988). (Doc. 107.)

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when it is demonstrated that there exists no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Summary judgment must be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548 (1986). The "party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting Rule 56(c) of the Federal Rules of Civil Procedure).

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.

The parties bear the burden of supporting their motions and oppositions with the papers they wish the Court to consider and/or by specifically referencing any other portions of the record they wish the Court to consider. Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). The Court will not undertake to mine the record for triable issues of fact. Id.

## III. Defendant Vo's Motion

### A. Plaintiff's Allegations Against Defendant Vo

At the time of the events relevant to his claim against Defendant Vo, Plaintiff was incarcerated at the California Correctional Institution (CCI), where Defendant Vo was his treating

1  physician. Plaintiff was received at CCI on May 11, 2004, and at that time was allegedly suffering
2  from chronic obstructive pulmonary disease (COPD), hypertension, glaucoma, and osteoporosis.
3  Between May 2004 and July 7, 2004, Plaintiff was seen by Defendant Vo for complaints of heavy
4  wheezing; severe coughing; chest pain and tightness; shortness of breath; ear, nose, throat, heart and
5  muscle pain; dizziness; and an accelerated heartbeat.

6  During this time period, Plaintiff discussed his past and present COPD condition, and the medical crisis management plan that had been created for him, which included orders for daily injections of Salmeterol, steroids, antibiotic injections, daily respiratory treatments, daily blood work, intravenous fluid injections, daily oxygen, access to a pulmonary specialist, and medications for his hypertension, glaucoma, and osteoporosis. Plaintiff alleges that Defendant Vo acted with deliberate indifference to his serious medical needs, and placed his life at risk by denying or disregarding Plaintiff's medical crisis management plan and providing constitutionally inadequate medical care. Plaintiff alleges that as a result of Defendant Vo's substandard medical care, he was hospitalized on July 7, 2004, and he sustained lung, heart, and back damage.

### B.     Undisputed Facts[3]

In February or March of 2002, Plaintiff began having problems with asthma, which was fairly controlled by Prednisone, an orally administered steroid. Plaintiff was transferred to CCI on May 11, 2004, and upon arrival at CCI, Plaintiff noted a history of asthma, hypertension, glaucoma, and osteoporosis.

Plaintiff was treated by Defendant Vo between that May 16, 2004, and July 7, 2004, after which time his care was handled by other physicians. Plaintiff was initially seen by Defendant Vo on May 16, 2004, at which time Vo prescribed (1) Theophylline, which is a substitute for Prednisone, Singular, and inhalers Serevent and Albuterol for asthma and allergies; (2) Valium for

---

[3] Plaintiff did not file his own separate statement of disputed facts, or admit or deny the facts set forth by Defendant as undisputed. Local Rule 260(b). Plaintiff's opposition also failed to otherwise bring into dispute the facts set forth herein, and neither Plaintiff's second amended complaint nor Plaintiff's opposition was verified. Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006).

1  hypertension; (3) Zestoretic;[4] (4) Xalatan for glaucoma; (5) OsCal for osteoporosis; and (5) Tylenol
2  #3 for pain.[5]  Over the next several weeks, Plaintiff's asthma progressively worsened and he was
3  seen at the Level III clinic for nebulizer respiratory treatments and medication adjustments, which
4  included the addition of Advair, on May 28, 2004, June 10, 2004, and daily from June 16, 2004, to
5  July 7, 2004.  The nebulizer treatments became less effective in treating Plaintiff's asthma and when
6  the nebulizer treatment proved ineffective on July 7, 2004, Defendant Vo ordered that Plaintiff be
7  transferred to Mercy Hospital in Bakersfield for treatment.

8        Plaintiff has no medical training or experience, and since leaving Defendant Vo's care on
9  July 7, 2004, no other treating physician has indicated to Plaintiff that Vo failed to properly treat
10 Plaintiff's asthma or COPD, that Plaintiff will suffer long term negative health effects stemming
11 from Vo's treatment, that the medications prescribed by Vo were inappropriate, or that Vo's care
12 amounted to deliberate indifference to Plaintiff's serious medical needs.

13       **C.   Legal Standard**

14       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
15 must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096
16 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part
17 test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by
18 demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or
19 the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was
20 deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059

---

[4] Although Defendant states that Zestoretic was for hypertension, Plaintiff attested that he did not remember what the medication was for and Defendant submitted no evidence other than Plaintiff's deposition testimony. (Ex. A, 57:16-18.)

[5] These medications are set forth in Exhibit 5, & were prescribed by Defendant Vo on May 16, 2004. (Ex. A., 55:5-6; 59:6-9.) Defendant's counsel misstated the exhibit number during the deposition, and failed to cite to the portion of the record where Plaintiff confirmed Defendant Vo prescribed those medications during Plaintiff's first appointment with Vo. (Id.)  The Court was able to confirm the accuracy of this factual statement from the deposition testimony, however. (Id.)

4

1  (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th
2  Cir. 1997) (en banc) (internal quotations omitted)).

3      Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's
4  pain or possible medical need, and harm caused by the indifference." Id. (citing McGuckin, 974 F.2d
5  at 1060).  Deliberate indifference may be manifested "when prison officials deny, delay or
6  intentionally interfere with medical treatment, or it may be shown by the way in which prison
7  physicians provide medical care." Id. (citing McGuckin at 1060 (internal quotations omitted)).
8  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to
9  further harm in order for the prisoner to make a claim of deliberate indifference to serious medical
10 needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404,
11 407 (9th Cir. 1985)).

12     **D.**     **Discussion**

13     Defendant Vo's position is that he saw Plaintiff shortly after arrival at CCI; assessed
14 Plaintiff's medical needs, which were presented as asthma, glaucoma, osteoporosis, and
15 hypertension; and prescribed medication to address those medical needs. Nebulizer respiratory
16 treatment was instituted and Plaintiff's medications were adjusted as Plaintiff's respiratory condition
17 progressively worsened. When Plaintiff's condition did not respond to treatment on July 7, 2004,
18 Defendant Vo ordered that Plaintiff be transferred to an outside hospital treatment. Defendant argues
19 that the facts demonstrate that he did not act with deliberate indifference to Plaintiff's medical needs
20 and that Plaintiff's disagreement with the treatment provided is not a constitutional violation.

21     Although Plaintiff filed an opposition to Defendant Vo's motion for summary judgment, he
22 does not set forth any facts, admissible or otherwise, supporting his position that Defendant violated
23 his rights under the Eighth Amendment. Plaintiff submits his medical records and asserts that they
24 will show that he was harmed and damaged by Defendant, and that Defendant acted with deliberate
25 indifference.

26 ///

27

28

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Further, "[a] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a s 1983 claim," Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). To raise a triable issue of fact and defeat Defendant's motion, Plaintiff must submit evidence showing "that the course of treatment [Defendant Vo] chose was medically unacceptable under the circumstances . . . and . . . that [he] chose this course in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

Plaintiff's position is that the medications and course of treatment prescribed by Defendant Vo were ineffective and fell below the constitutional minimum for prison medical care. However, Plaintiff's lay opinion is insufficient to raise a triable issue of fact. Plaintiff must show, through the submission of admissible evidence, that the course of treatment prescribed by Defendant Vo was medically unacceptable and that in choosing that course of treatment, Defendant Vo consciously disregarded an excessive risk to Plaintiff's health. Jackson, 90 F.3d at 332. Other than Plaintiff's allegations and opinions, which are not admissible evidence that the treatment he received was constitutionally inadequate or inappropriate, there is no evidence that Defendant Vo acted with

1  deliberate indifference to Plaintiff's serious medical needs.[6] See Coverdell v. Dep't of Soc. & Health
2  Servs., 834 F.2d 758, 762 (9th Cir. 1987) (recitation of unsworn facts not evidence).

3  While Plaintiff also submits his medical records in support of his claim, he has not cited to
4  them with any specificity, and the Court cannot wade through his exhibits and craft his opposing
5  evidence for him. Carmen, 237 F.3d at 1031. Further, given that Plaintiff received medical
6  treatment from Defendant Vo for the medical conditions at issue in this action, expert testimony that
7  the treatment provided fell below the constitutionally accepted minimum would be required to raise
8  a triable issue of fact. The Court cannot make such a finding merely by viewing Plaintiff's medical
9  records. In the absence of any evidence raising a triable issue of fact, Defendant is entitled to
10 judgment on the claim against him.

11 **IV.   Conclusion and Recommendation**

12 The Court finds that Plaintiff has not raised a triable issue of fact on his Eighth Amendment
13 claim against Defendant Vo, and Defendant is entitled to judgment as a matter of law.[7] Accordingly,
14 the Court HEREBY RECOMMENDS that Defendant Vo's motion for summary judgment, filed
15 September 28, 2009, be GRANTED.

16 These Findings and Recommendations will be submitted to the United States District Judge
17 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30)**
18 **days** after being served with these Findings and Recommendations, the parties may file written
19 objections with the court. The document should be captioned "Objections to Magistrate Judge's
20 Findings and Recommendations." The parties are advised that failure to file objections within the
21 ///

---

[6] Plaintiff's second amended complaint is not verified and therefore cannot be treated as an opposing affidavit. Moran v. Selig, 447 F.3d 748, 759-60 (9th Cir. 2006). Plaintiff's opinion regarding the adequacy of the medical care provided would not be admissible in any event, even if he had verified his pleading. McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987) (per curium); Lew v. Kona Hosp., 754 F.2d 1420, 1423 (9th Cir. 1985); Fed. R. Civ. P. 56(e).

[7] Because the Court finds that Defendant is entitled to judgment as a matter of law on the merits of Plaintiff's claim, the Court does not reach Defendant's argument that he is entitled to qualified immunity.

specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 27, 2010**                       /s/ Sandra M. Snyder
                                                                    UNITED STATES MAGISTRATE JUDGE